Reese, J. J
delivered the opinion of the court. r
jn the assignment of errors corcmi nobis, in this case, it is aPggg^ tjjat judgment was rendered on a supposed bond, by motion; that the bond ivas never delivered to, in or before the court, where the same is by law directed to be delivered and executed; that the bond was never acknowledged in or before the county court of Giles county, nor was the same ever recorded. To these allegations, among others assigned as error, the plaintiffs below joined in error in nullo est erratum, and the question is, can a motion be made against the sheriff and his securities, and be sustained upon a bond, not taken by and before the justices; not acknowledged before them; not recorded in court. These facts are alleged in the assignment of errors: in nullo est erratum admits them, as would a demurrer. 2 Sanders’ Rep. 101. And if it had been proper to look into the proof under this issue, the testimony of Wilcox, the clerk of the county court of Giles, proves the truth of these allegations. The cases of Porter vs. Webb, 4 Yer. Rep. 161; Cheatham vs. Howell, 6 Yer. Rep.; Sumer & Foster vs. Henry 4 Yer. Rep. 167; and Mattery vs. Powel 2 Yer. Rep., prove in general, the principle, that if a statutary bond do not pursue the directions of the statute, the summary remedies given upon it by the statute cannot have effect. It is true, the variances from the statute, in the cases referred to, were in the terms and stipulations of the bond; in the persons to whom made payable, &c.; but the principle is the same.
In this cause, the parties not denying their seal and signature to the bond, say it was not acknowledged before, or sanctioned by the court, and it was not recorded; and they contend, that a bond taken in open court, and there acknowledged and recorded, stands verified and authenticated as a record, and may well constitute the basis or foundation of a summary proceeding by motion, against the sheriff and his securities; but that a bond taken in the mode adopted in this case, if good at all, is good only in a suit upon it at common law. How could the clerk of the county court of Giles, of a bond unacknowledged in open court, and unrecorded, give an authentic or official copy, constituting the basis of this pro *93 ceeding? We think the principle of the cases referred to, embrace this case. Let the judgment of the circuit court of Giles county, in the writ of error coram nobis be reversed, and the court proceeding to give such judgment as the circuit court ought to have given, let Lthe judgment first rendered in said court be reversed, also with costs, &c. &c.
Judgment reversed.